IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MALCOM S. GERALD & ASSOCIATES,<br><br>Defendant. | Civil Action No. 17-cv-6744<br><br><br><br>JURY TRIAL DEMAND |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of sex (male) and to provide appropriate relief to Maurice Thurman ("Thurman") who was adversely affected by such practices. As alleged with greater particularity in paragraphs 12(a) through 12(b) below, the U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") alleges that Defendant Malcom S. Gerald & Associates ("Defendant") discriminated against Thurman by subjecting him to a sexually hostile work environment and failing to take prompt and effective action to prevent or correct the harassment, in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful acts alleged below were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, in the Eastern Division.

## PARTIES

3. Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has been a corporation doing business in Illinois.

5. At all relevant times, Defendant has had at least fifteen (15) employees.

6. At all relevant times, Defendant has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-5(b), (g) and (h).

## STATEMENT OF CLAIMS

7. More than thirty (30) days prior to the institution of this lawsuit, a charge of discrimination (EEOC Charge No. 440-2015-07127) was filed with the Commission alleging that Defendant violated Title VII by subjecting Charging Party to, among other things, unlawful harassment because of his sex.

8. On January 23, 2017, the EEOC issued to Defendant a letter of determination finding that there is reasonable cause to believe that Defendant discriminated against Thurman because of his sex, male (sexual orientation), in violation of Title VII, by subjecting him to harassment, and inviting Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The EEOC engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the letter of determination.

10. Thereafter, the EEOC determined that it was unable to secure from Defendant a conciliation agreement acceptable to the EEOC, and on June 28, 2017, issued to Defendant a notice of failure of conciliation.

11. All conditions precedent to the institution of this suit have been fulfilled.

12. Since at least September 2014, Defendant has engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a). These practices include, but are not limited to:

   a) From September 2014 through April 2016, routinely subjecting Thurman to unwelcome and offensive comments by his supervisors and co-workers, including but not limited to regularly calling him "fag," "faggot," "dick sucker" and "sissy boy," and making statements such as Thurman is a "gay batman" and "I wish the faggot would shut up. We don't want him touching our phones."

   b) failing to take prompt and effective action to remedy the harassment, about which Defendant knew or should have known, either because of Thurman's complaints or because of its open and widespread nature (or both);

13. The effect of the practices complained of in paragraphs 12(a) and 12(b) above has been to deprive Thurman of equal employment opportunities and otherwise adversely affect his status as an employee because of his sex.

14. The unlawful employment practices complained of above were intentional.

15. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Thurman.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in any employment practices which discriminate on the basis of sex;

B.      Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for its employees regardless of sex and which eradicate the effects of its past and present unlawful practices;

C.      Order Defendant to make Thurman whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, emotional pain, humiliation, and inconvenience, in amounts to be determined at trial;

D.      Order Defendant to pay punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial;

E.      Grant such further relief as the Court deems necessary and proper in the public interest; and

F.      Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Date:  September 19, 2017              Respectfully submitted,

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        U.S. Equal Employment Opportunity Commission
        131 M. Street, N.E.
        Washington, D.C. 20507


        GREGORY M. GOCHANOUR
        Regional Attorney

        Deborah L. Hamilton
        Supervisory Trial Attorney

        s/ Laurie S. Elkin
        Laurie S. Elkin
        Trial Attorney

        s/ Jeanne B. Szromba
        Jeanne B. Szromba

        U.S. Equal Employment Opportunity Commission
        Chicago District Office
        500 West Madison Street, Suite 2000
        Chicago, Illinois 60661
        (312) 869-8107