IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>        Plaintiff,<br><br>v.<br><br>MALCOLM S. GERALD & ASSOCIATES, INC.,<br><br>        Defendant. | Civil Action No. 17-cv-6744<br><br>Judge Chang |

## CONSENT DECREE

### THE LITIGATION

1.    Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") filed this action (the "Lawsuit") alleging that Malcolm S. Gerald and Associates, Inc. ("MSG") engaged in unlawful employment practices, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), when it subjected Maurice Thurman ("Thurman") to sexual harassment.  By entering into this Decree, neither party makes any admission regarding any claims or defenses thereto.

2.    In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the EEOC and MSG have agreed that this action should be fully and finally resolved by entry of this Consent Decree ("Decree").

3.    This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by the EEOC. The Decree shall be binding on the EEOC, on MSG, on MSG's directors, officers, employees, successors, and assigns; and on all persons in active concert or participation with MSG.

FINDINGS

4.      Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds that:

(a)    This Court has jurisdiction over the subject matter of this action and the parties;

(b)    The terms of this Decree are adequate, fair, reasonable, equitable, and just;

(c)    The rights of the EEOC, Thurman, MSG, and the public interest are adequately protected by this Decree;

(d)    This Decree conforms to the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person; and

(e)    Entry of this Decree will further the objectives of Title VII and will be in the best interests of the EEOC, Thurman, MSG, and the public interest.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

INJUNCTION AGAINST DISCRIMINATION AND RETALIATION

5.      MSG, its officers, agents, employees, successors, assigns, and all persons acting in concert with it are hereby enjoined from: (1) subjecting any employee to harassment on the basis of sex, including sexual orientation; and/or (2) engaging in any form of retaliation against any person because such person has opposed any practice prohibited by Title VII, filed a charge of discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under this Decree.

MONETARY RELIEF

6.      Subject to the terms and conditions of this Decree, MSG shall pay Thurman the sum of $25,000.00. Such payment shall be for damages and no deductions shall be made from such payment. MSG will issue an IRS Form 1099 to Thurman for the payment.

7.      No later than twenty (20) business days after the entry of this Decree and receipt by MSG of a copy of a Release Agreement executed by Thurman in the form set forth in Exhibit A to this Decree, MSG shall issue and mail to Thurman, by certified or registered mail, a check in the amount specified under Paragraph 6. MSG shall submit a copy of such check to the EEOC within five (5) days of mailing it to Thurman.

ANTI-DISCRIMINATION POLICY

8.      MSG shall adopt, in writing, a policy against employment discrimination ("Policy") within twenty (20) business days after the approval and entry of this Decree and shall maintain such Policy for the term of this Decree. MSG shall provide copies of the Policy to all employees no later than thirty (30) business days after entry of this Decree and to all new employees at the time they are hired. The Policy shall, at a minimum:

(a)     specifically prohibit each form of discrimination prohibited by Title VII, including harassment based on sexual orientation;

(b)     inform employees that they are entitled to make complaints or reports of unlawful employment discrimination, including harassment, to MSG and to the EEOC;

(c)     inform employees that MSG will investigate thoroughly and promptly all such complaints and reports and shall provide that employees who violate the Policy are subject to discipline up to and including discharge.

3

9. No later than thirty (30) business days after entry of this Decree, MSG shall post its Policy in a conspicuous location on a bulletin board or other physical space that is regularly used by MSG for posting legal notices concerning employee rights. The policy shall remain posted in this manner for the term of the Decree.

## TRAINING

10. No later than sixty (60) calendar days after entry of this Decree, all MSG managers, supervisors, and human resource personnel shall participate in a training session regarding the laws pertaining to employment discrimination, including the obligations of employers under Title VII. MSG shall repeat this training at least once every twelve (12) months for the duration of the Decree, within sixty (60) calendar days of each anniversary following entry of this Decree. A registry of attendance shall be maintained for each training session required under this Paragraph.

11. MSG shall obtain the EEOC's approval of its proposed trainer and the content the trainer proposes to present before the commencement of any training session required under Paragraph 10, above. MSG shall submit the name, address, telephone number, resume and training proposal of its proposed trainer (including copies of all materials the trainer proposes to display, distribute, or otherwise present) to the EEOC at least twenty (20) business days prior to the proposed date of each training session. The EEOC shall have ten (10) business days from the date it receives the information described above to accept or reject the proposed trainer and/or the content the trainer proposes to present. In the event the EEOC does not approve MSG's proposed trainer and/or content, MSG shall have five (5) business days to identify an alternate trainer and/or revise the content its trainer proposes to present. The EEOC shall then have five (5) business days from the date it receives the information described above to accept or reject the alternate trainer and/or content. If the parties cannot agree on a trainer or training content through this process, they may seek the Court's assistance under Paragraph 18, below.

4

12.    No later than five (5) business days after each training session described in Paragraph 10 above, takes place, MSG shall certify to the EEOC in writing that the required training session has taken place and the required personnel have attended. Every certification of training described in this Paragraph shall include: (a) the date, location, and duration of the training; (b) a copy of the registry of attendance, which shall include the name and position of each person trained; (c) a current list by name and position of all the employees subject to the training requirement; and (d) copies of any and all pamphlets, brochures, outlines or other written materials provided or displayed to the personnel attending each training session.

## POSTING AND DISTRIBUTION OF NOTICE

13.    No later than ten (10) business days after entry of this Decree, MSG shall post copies of the Notice attached as Exhibit B to this Decree in a conspicuous location on a bulletin board or other physical space that is regularly used by MSG for posting legal notices concerning employee rights. The Notice shall remain posted in this manner for the term of this Decree. MSG shall take all reasonable steps to ensure that the posting is not altered, defaced, or covered by any other material. MSG shall permit a representative of the EEOC to enter MSG's premises for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice.

14.    No later than fifteen (15) business days after entry of this Decree, MSG shall certify to the EEOC in writing that the Notice has been properly posted and distributed in accordance with Paragraph 13 above.

## RECORD KEEPING

15.    During the term of this Decree, MSG shall maintain and make available for inspection and copying by the EEOC written records of every complaint or report by any employee of employment of sexual harassment or retaliation for complaining about sexual harassment

5

prohibited by this Decree. For each such complaint or report, such records shall include: (a) the name of the employee who made the complaint or report and that employee's address and telephone number; (b) the date of the complaint or report; (c) a written description of what was alleged in the complaint or report; (d) a written description of the resolution or outcome of the complaint or report, including a description of what actions, if any, MSG took; and (e) if the complaint or report was made in written form, a copy thereof.

16.    MSG shall require personnel within its employ, upon request by the EEOC, to cooperate reasonably with and to be interviewed by the EEOC for purposes of verifying compliance with this Decree.

## REPORTING

17.    MSG shall furnish to the EEOC the following written reports annually ("Annual Report") during the term of this Decree. The first Annual Report shall be due one (1) year after entry of the Decree. Subsequent Annual Reports shall be due every twelve (12) months thereafter, except that the final Annual Report shall be due thirty (30) calendar days prior to the expiration of the Decree. Each such Annual Report shall contain:

(a)    a summary of the information recorded by MSG pursuant to Paragraph 15 above during the preceding twelve (12) month period or a certification by MSG that no complaints or reports of harassment or retaliation were received during that period;

(b)    If a summary is produced, the EEOC retains the right to request and review the underlying documents on which the summary is based. Such documents will be produced by MSG to EEOC within ten (10) business days of such a request made via electronic or written communication;

(c)     a certification by MSG that the Notice required to be posted pursuant to

Paragraph 13 of the Decree remained posted in the manner required during

the entire twelve (12) month period preceding the Annual Report.

## DISPUTE RESOLUTION

18.    If during the term of this Decree either party to the Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying party thirty (30) calendar days to remedy the non-compliance or satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within thirty (30) calendar days, the complaining party may apply to the Court for relief, including modification of this Decree or other relief that the Court determines to be appropriate.

## TERM AND SCOPE OF THE DECREE AND RETENTION OF JURISDICTION

19.    All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a term of two (2) years immediately following the entry of the Decree, unless extended by order of this Court, provided, however, that if at the end of the term of the Decree, any disputes under Paragraph 18, above, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

20.    Each party to this Decree shall bear its own expenses, attorneys' fees, and costs.

21.    The terms of this Decree are and shall be binding on the present and future directors, officers, managers, agents, successors and assigns of MSG. Prior to any sale or other transfer of MSG's business or sale or other transfer of all or a substantial portion of MSG's assets, MSG shall

provide a copy of this Decree to any potential purchaser, potential transferee, or other potential successor.

22.     When this Decree requires the submission by MSG of reports, certifications, notices, or other materials to the EEOC, they shall be sent by U.S. Mail to Malcolm S. Gerald Consent Decree Compliance, Legal Unit, U.S. Equal Employment Opportunity Commission, 500 W. Madison St., Ste. 2000, Chicago, IL 60661. By advance agreement of the parties, materials may alternatively be submitted by electronic mail.


SO ORDERED, ADJUDGED, and DECREED on this 20th day of  2018.

By the Court:

The Hon. Edmond Chang
United States District Judge

Agreed to in form and content:

For the UNITED STATES EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
312-869-8000

GREGORY GOCHANOUR
(Regional Attorney)

For MALCOLM S. GERALD AND
ASSOCIATES, INC.

Clifford R. Perry III
Attorney for Malcolm S. Gerald and
Associates, Inc.

DEBORAH HAMILTON
Supervisory Trial Attorney

LAURIE ELKIN
Trial Attorney

JEANNE SZROMBA
Trial Attorney

9

# EXHIBIT A

## <u>RELEASE AGREEMENT</u>

In consideration of $25,000.00 to be paid to me by Malcolm S. Gerald and Associates, Inc. ("MSG"), in connection with the resolution of *EEOC v. Malcolm S. Gerald & Associates, Inc.,* Case No. 17-cv-6744 (N.D. Ill.), I waive my right to recover for any claims of employment discrimination arising under Title VII of the Civil Rights Act of 1964 that I had against MSG on or before the date I signed this release and that were included in the claims in the EEOC's complaint. This waiver is made on behalf of myself, my heirs, assigns, executors, and agents.

Signed:                                        Date:

_____        _____
       MAURICE G. THURMAN

# EXHIBIT B

## NOTICE TO MSG EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in the Northern District of Illinois in *EEOC v. Malcolm S. Gerald & Associates, Inc.*, Case No. 17-cv-6744 (N.D. Ill.), resolving a lawsuit filed by the U.S. Equal Employment Opportunity Commission (the "EEOC") against Malcolm S. Gerald and Associates, Inc. ("MSG").

In this lawsuit, the EEOC alleged that MSG violated Title VII of the Civil Rights Act of 1964 (Title VII) by subjecting a former employee to sexual harassment. MSG denies those allegations.

To resolve this lawsuit, the EEOC and MSG have entered into a Consent Decree requiring, among other things, that:

1. MSG will pay the affected individual a monetary sum;

2. MSG will not engage in sexual harassment;

3. MSG will not retaliate against anyone for making a report or complaint about unlawful employment discrimination or harassment, for filing a charge of discrimination, or for participating in any way in a proceeding under Title VII; and

4. MSG will maintain a policy against discrimination and harassment and provide training to supervisors and managers on the policy and the requirements of Title VII;

The EEOC is a federal agency that enforces federal laws prohibiting discrimination in employment based on race, color, sex (including sexual harassment, pregnancy), religion, national origin, age, disability, genetic information, and retaliation. Further information about the EEOC and these laws is available on the EEOC's web site at www.eeoc.gov. If you believe you have been subjected to unlawful discrimination or retaliation, you may contact the EEOC by phone at (312) 869-8000 or by TTY at (312) 869-8001. The EEOC charges no fees.

## THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted for two years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: MSG Consent Decree Compliance; EEOC – Legal Unit; 500 West Madison Street, Suite 2000; Chicago, Illinois 60661.

July 20, 2018
_____
Date

_____
Judge Edmond Chang
United States District Court